IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RENETTE HEREFORD,

                    Plaintiff,

v.                                                                                    ORDER

CATHOLIC CHARITIES COMMUNITY                         20-cv-206-jdp
CONNECTIONS,

                    Defendant.

---

Plaintiff Renette Hereford, appearing pro se, has filed a proposed civil action against her former employer, Catholic Charities Community Connections. Dkt. 1. Hereford alleges that Catholic Charities terminated her on the basis of race, and that several of its employees conspired to defame her character by falsely claiming that she abused one of Catholic Charities' clients. Because Hereford is proceeding in forma pauperis, I must screen her complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2). Hereford is a pro se litigant, so I must read her complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

I conclude that Hereford's complaint must be dismissed. Hereford's allegations are substantially identical to an employment discrimination lawsuit she filed in this court in 2018. *See Hereford v. Catholic Charities*, No. 18-cv-1049-jdp (W.D. Wis. filed Dec. 17, 2018). I recently dismissed that case at summary judgment after concluding that Hereford had failed to provide evidence from which a reasonable jury could conclude that Catholic Charities discriminated against her on the basis of race. *See* Dkt. 52 in the '1049 case. Because Hereford brought or

could have brought the claims she now asserts in her prior lawsuit, her claims are barred by the doctrine of claim preclusion.

Under the doctrine of claim preclusion, a final judgment on the merits of an action precludes a party from re-litigating issues that were or could have been raised in the prior action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). In effect, the doctrine requires that plaintiffs "join in a single suit all legal and remedial theories that concern a single transaction." *Perkins v. Bd. of Trs. of the Univ. of Ill.*, 116 F.3d 235, 236 (7th Cir. 1997). Under federal law, claim preclusion has three elements: (1) the parties in the two suits must be actually or functionally the same; (2) the claims in the two suits must arise out of the same set of operative facts or the same transaction; and (3) there must a final judgment on the merits in the first case. *Bernstein v. Bankert*, 733 F.3d 190, 226 (7th Cir. 2013).

Claim preclusion is an affirmative defense, which I typically would not evaluate when screening a complaint under 28 U.S.C. § 1915(e)(2). But a district court can invoke an affirmative defense if it is "so plain from the language of the complaint and other documents in the district court's files that it renders the suit frivolous." *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). This is such a case, because it is plain from Hereford's litigation history in this court that all three claim preclusion elements are met.

The first element is met because Hereford seeks to sue Catholic Charities, the same defendant she sued in the '1049 case. The second element is met because Hereford's second complaint alleges that Catholic Charities "terminate[d her] due to [her] skin color or racism," Dkt. 1, at 3, which was precisely the allegation at issue in the '1049 case. Although Hereford's second complaint includes new allegations about defamation by her former colleagues, those allegations arise out of the same operative facts as her first lawsuit. Hereford alleges that her

2

colleagues defamed her by falsely accusing her of abusing a client and causing Catholic Charities to terminate her. These defamation claims could have been raised in Hereford's first lawsuit. And the third element is met because there is a final judgment on the merits in the '1049 case. *See* Dkt. 53 in the '1049 case. Hereford filed her second complaint prior to the entry of the final judgment in the '1049 case, but that doesn't make a difference to the claim preclusion analysis: the preclusive effect of the judgment in the '1049 case would have taken effect the moment it was entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2014) (noting that the preclusive effect of a final judgment normally takes effect immediately upon entry of judgment).

Claim preclusion plainly bars this lawsuit, so there is "no point to serving the defendant[] with process, forcing [it] to engage counsel, and then waiting for the inevitable motion to dismiss on preclusion grounds. It [is more] sensible to stop the suit immediately, saving time and money for everyone concerned." *Gleash*, 308 F.3d at 760–61.


ORDER

IT IS ORDERED that plaintiff Renette Hereford's complaint, Dkt. 1, is DISMISSED for failure to state a claim upon which relief may be granted. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered May 13, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

3